IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


L.J. DURROUSSEAU,

        Plaintiff,

vs.                                                                                   No.  CV 99-1212 JP/DJS

STATE OF LOUISIANA, THE LOUISIANA
STATE RACING COMMISSION, and
ALBERT M. STALL, OSCAR J. TOLMAS,
A.J. GOUBLER, D.J. BLONDIN,
JON R. McKINNIE, MICHAEL J. SMITH,
in their individual capacity,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

On May 15, 2000 Defendants filed a Motion To Dismiss Under Rule 12(b) (Doc. No. 20).  After carefully considering the pleadings, arguments of counsel, and applicable law, I find that the motion is well-taken and should be GRANTED.

Plaintiff is a former jockey who brings this action for damages against the State of Louisiana, the Louisiana State Racing Commission, and six individual officials regarding denials by the commission of license applications over the past 20 years.  The Complaint is brought under 42 U.S.C. § 1983, alleging racial discrimination.

Plaintiff alleges that in March 1982 he was granted absolute immunity for assisting in the exposure and prosecution of illegal race fixing, and that while two white men who had also been convicted of felonies were issued jockey licenses, Plaintiff, who is black,

was denied a license.  The denial allegedly occurred on September 14, 1983.  Plaintiff

also alleges that in March 1984 he sued the commission in Louisiana, and that the

commission continued to deny his licensure despite a favorable court order.  He further

alleges that on October 26, 1993 he again applied for a jockey's license, and that it was

denied while the same two white jockeys continued to be issued licenses.  Next, Plaintiff

alleges that on December 11, 1996 he obtained a court order in Louisiana reinstating his

license, and in the order the court found there had been no legal basis for the

commission's denial of his license.  Plaintiff alleges that the only ground for the denials

of his jockey license is the fact that he is black.  He seeks damages of $3,250,000.00.

    *Subject-Matter Jurisdiction - Eleventh Amendment.*  Defendants argue that

subject-matter jurisdiction is lacking because of the operation of the Eleventh

Amendment to the United States Constitution, which grants immunity to states in federal

court.[1]  They contend that Eleventh Amendment immunity extends not only to the State

of Louisiana itself, but also to the Louisiana State Racing Commission as a state agency,

and to the individuals who are members of the commission as well.

    Under the Eleventh Amendment, citizens are barred from filing suit against their

state or another state in federal court.  Pennhurst State School and Hospital v. Halderman,

465 U.S. 89, 100 (1984).  The Supreme Court has held that Congress did not intend to

---

    [1]  The Eleventh Amendment provides:  "The Judicial power of the United States shall not be
construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States
by Citizens of another State, or by Citizens or Subjects of any Foreign State."

abrogate the states' immunity to suit in § 1983 actions.  Quern v. Jordan, 440 U.S. 332,

345 (1979).  Eleventh Amendment immunity extends equally to state agencies that are

arms of the state, and to officials of those agencies sued in their official capacities.

Pennhurst, 465 U.S. at 100; Kentucky v. Graham, 473 U.S. 159, 169 (1985).  A suit

under § 1983 against state officials in their individual capacities is not barred by the

Eleventh Amendment.  Scheuer v. Rhodes, 416 U.S. 232, 237-38 (1974).  Here, the

individual Defendants are not sued in their official capacities, only in their individual

capacities.

I need not engage in an analysis of whether the commission is an arm of the state

because Plaintiff does not contend that the commission is not a state agency.  He argues

that Eleventh Amendment immunity does not apply in this case for several reasons.  First,

he contends that the following provision of the Louisiana Constitution waives the state's

sovereign immunity:

> **(A) No Immunity in Contract and Tort.**  Neither the state, a state agency,
> nor a political subdivision shall be immune from suit and liability in
> contract or for injury to person or property.

La. Const., art. 12, sec. 10(A).  A state's consent to suit against it in federal court must be

expressed "unequivocally."  *See* Edelman v. Jordan, 415 U.S. 651, 673 (1974).  The

courts have uniformly held that by the foregoing provision of its state constitution,

Louisiana intended to waive only its common-law immunity, not its Eleventh Amendment

immunity from suit in federal court.  Kiper v. Louisiana State Bd. of Elementary and

Secondary Educ., 592 F. Supp. 1343, 1351 (M.D. La. 1984), *aff'd* 778 F.2d 789 (5th Cir.

1985); <u>Boston v. Tanner</u>, 29 F. Supp.2d 743, 745 (W.D. La. 1998); <u>Citrano v. Allen</u>

<u>Correctional Center</u>, 891 F. Supp. 312, 320 (W.D. La. 1995).

Plaintiff next argues that there is no defense of immunity because the act

committed by the state was in bad faith or malicious and the state's legal power has been

used to cause harm.  In support, he cites a Louisiana statute, La. Rev. Stat. Ann.

§ 9:2871.1, which does not exist.  The Court has found another statute to which Plaintiff

may be attempting to refer, which provides as follows:

> B. Liability shall not be imposed on public entities or their officers
> or employees based upon the exercise or performance or the failure to
> exercise or  perform their policymaking or discretionary acts when such
> acts are within the course and scope of their lawful powers and duties.
> C. The provisions of Subsection B of this Section are not applicable:
> . . .
> (2) To acts or omissions which constitute criminal, fraudulent,
> malicious, intentional, willful, outrageous, reckless, or flagrant misconduct.

La. Rev. Stat. Ann. §§ 9:2798.1(B) and (C)(2).  It is obvious that this statute is similarly

directed at the state's common-law immunity, not its Eleventh Amendment immunity.

Failing to grasp the import of Eleventh Amendment jurisprudence on his claim,

Plaintiff argues that because racial discrimination is a proper challenge under 42 U.S.C.

§ 1983, it is "not logical" that a state would be immune under that statute.  Pl. Response

Mem. at 2.  He then cites a few cases for the proposition that a state may be sued, none of

4

which supports that proposition. *See* id. at 3-4.[2]

Finally, Plaintiff argues that the availability of Eleventh Amendment immunity

depends on whether the commission acted in good faith.  This represents Plaintiff's

confusion of Eleventh Amendment immunity, which protects states' sovereignty, with the

doctrine of qualified immunity, which protects individual defendants.

Both the State of Louisiana and the Louisiana State Racing Commission must be

dismissed on Eleventh Amendment immunity grounds.

The individual Defendants argue that they, too, enjoy the state's Eleventh

Amendment immunity.  They cite Hughes v. Savell, 902 F.2d 376 (5th Cir. 1990) for the

proposition that an individual who is sued for actions taken as an agent of the state enjoys

immunity where Louisiana state law provides that the state is liable for the acts of its

employees.  Id., 902 F.2d at 378-79.  That case is distinguishable because it involved a

state-law cause of action in negligence, whereas this case involves a federal constitutional

claim.  The case has been criticized, and has never been extended to apply to a federal

cause of action.

I conclude that Eleventh Amendment immunity does not extend to the individual

Defendants who are sued in their individual capacities.

*Personal Jurisdiction.*  The individual Defendants also move to dismiss on the

---

[2]  For example, he mis-cites Boren v. Colorado Springs, 624 F. Supp. 224 (D. Colo. 1988) for the proposition that § 1983 "provides a civil remedy against the state when the entity acts under the color law (sic) and deprived the Plaintiff of a right secured by the Federal Constitution."  Pl. Resp. Mem. at 3.  That case involved municipal liability, not state liability.  Eleventh Amendment immunity was not involved.

ground that this Court lacks personal jurisdiction over them.  In a recent case, the Tenth

Circuit stated:  "Before a federal court can assert personal jurisdiction over a defendant in

a federal question case, the court must determine (1) whether the applicable statute

potentially confers jurisdiction by authorizing service of process on the defendant and (2)

whether the exercise of jurisdiction comports with due process."  Peay v. Bellsouth

Medical Assistance Plan, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotations and citations

omitted).  Here, the claims against the individual Defendants, all of whom are alleged to

be residents of Louisiana, cannot satisfy either prong of this test.  Plaintiff has no legal

argument that the civil rights statute, 42 U.S.C. § 1983, provides for nationwide service

of process, and he presents no factual allegations that these Defendants had any contacts

whatsoever with New Mexico, the forum state.  Thus, the individual Defendants will be

dismissed without prejudice.

IT IS THEREFORE ORDERED that Defendants' Motion To Dismiss is hereby

GRANTED.  A separate Order of Dismissal will be entered concurrently with this

Memorandum Opinion and Order.

_____

CHIEF UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff:  Kurt Reif, Carlsbad, N.M.

Counsel for Defendants:  Richard E. Olson, HINKLE, HENSLEY, SHANOR & MARTIN, Roswell,
N.M.; and Kim Raines Chatelain, New Orleans, La.